United States v. Pena 22-2154 and 22-2155 May it please the court. My name is Vince Ward and I'm with my colleague Mr. Christopher Dodd and we represent Mr. Pena. This court should reverse the district court's decision to deny Mr. Pena's motion to suppress. This is a case where the government is relying on sexual proclivity evidence that suggests that Mr. Pena's interest in collection in pornography and use of file sharing software is sufficient evidence to demonstrate that he has an interest in child pornography. And the case that I would point you to is United States v. Edwards. United States v. Edwards drew a very clear line in the sand in this realm. In United States v. Edwards, the court dealt with the question of whether an individual who has an interest in child erotica and frequents a child erotica website is also the type of person who would collect child pornography. And in that case, the court grappled with the question of, in a warrant affidavit, if a special agent says that if a person who has an interest in child pornography is also likely to collect child erotica, which is not itself illegal, does that mean that people who collect child erotica are also likely to engage in the collection of child pornography? And the court in that case unanimously said that the answer is no. Possession of child erotica is not sufficient to create a reasonable basis to believe that that person is also engaging in the collection of child pornography. In this case, what the government would like for you to do is to look at the whole circumstances of the warrant affidavit and draw a conclusion without actually looking at any of the particular allegations in the warrant affidavit, that Mr. Pena's collection of child pornography, coupled with the agent's observation of particular file names on his computer, not images themselves, coupled with Mr. Pena's acknowledgement to law enforcement that he used file sharing software to download and collect pornography, is itself collectively sufficient evidence to believe that Mr. Pena also collected child pornography. Well, what Edwards instructs, and I don't think that it's a close case, your honors, what Edwards instructs is that that is a logical fallacy. And whether you use the framework that the government wants you to do, which is not to kind of look at each of these things in particular, or to combine them all together, we're left in the same place. There are two logical fallacies in Edwards, and there are two logical fallacies here. In Edwards, the logical fallacies are that somebody who collects child erotica, has an interest in child erotica, who frequents a website where they have an interest in child erotica. How do you define child erotica? Yeah, great question, your honor. So child erotica would be, not it, it could be pictures or other stuff, stories, things where an adult is demonstrating an attraction to children, but it does not otherwise arise to the level of an image that would be child pornography. So perhaps it's a child who is not fully naked, they're clothed, perhaps it's a story. So how do you know that this person is doing child erotica, as opposed to child pornography, at that point? Right. Well, in our case, your honor, what's really important, this is really important. When you look at the warrant affidavit in our case, look at what? The warrant affidavit that the, so in our case, there's a warrant affidavit. It's written by a special agent who is experienced in investigating child pornography. What he says is, is that his conclusion is that Mr. Pena collected pornography. He doesn't say that he collected child pornography. He doesn't even say that he collected child erotica. So to answer your question, when you actually look at the facts of our case, in our case, the warrant affidavit doesn't say that Mr. Pena actually collected child pornography. Well, he didn't know at that point, but there was enough there to get a warrant and to take a hard look at it. I would disagree with your characterization because he explicitly said and used the word pornography as opposed to child pornography. And so your honor, if you look at it on a spectrum, okay, so look at it this way. This is a trained law enforcement officer. Well, but look at it on what we got here. You've got words that you may call a child erotica. I'd say I'm thinking it's child pornography. And if we give deference to a magistrate's review, and we don't have to show probable cause, we don't have to show beyond a reasonable doubt, we just have to show reasonable suspicion, don't we? Well, it's a probable cause standard. So we're looking at a probable cause standard, not a reasonable suspicion standard. We're not looking at a beyond a reasonable doubt standard. But your honor, really important, okay, the agent in this case characterized those images that you're describing as pornography, not child pornography. This isn't even a situation where the agent was silent and let the judge draw his or her own conclusion. Don't we have to look at the words, hot young thing, hot young doll, Texas teens do porn site rip. I mean, don't we have to take the context? So we use the word pornography. It's all pornography. Could be adult, could be child. With that kind of wording, why wouldn't you say, well, it's probably child? Well, for two reasons, your honor. As opposed to erotica. Sure. I never even heard of child erotica. Sure. And that's why Edwards is so important. I would encourage you to go and read the Edwards case because it's really helpful. So two things, one, your honor, again, the agent in this case did not characterize those images as child pornography. He characterized them as pornography. And this isn't the kind of information where the district court tried to do this. The district court tried to say, I'm going to ignore the agent's characterization of what those terms are. And I'm going to apply my own judgment to what it means. But your honor, I cite to various cases in other districts that talk about why it's important that there be specific terms along with terms like teen and But I'm sorry, are you arguing you cannot get that from the names of the files? I mean, what role do the names of the files play in your view? Right. So that's exactly what I'm arguing, your honor. So when you look at the case, so there hasn't been a case like this decided in this circuit. But when you look at other circuits and districts, what they focus on is teen and young, for example, are common terms that are used in pornography, whether we like it or not. I cite to a case, Free Coalition, there's a challenge to the Adam Walsh Act where they talk about how 30% of the pornographic materials on the Internet contain terms like young and teen. They're common terms used in the pornography world. So what we're trying to factor in on is how do you have some sufficient indication, reliable indication that those terms or that those files that you're looking at or those images that you're looking at actually contain child pornography. And there are specific indicators, things like ages, for example. So in the child pornography world, there might be a particular age, 5-year-old, 10-year-old, 11-year-old. There may be a description of a sex act. And you don't have that kind of thing here. But your honor, what I would turn you back to is this is an area where the agent who investigated the case and is trained in these kinds of cases characterized this as pornography, not child pornography. So returning to Edwards, with Edwards involving child erotica, where you know in that instance that the defendant in that case has an attraction to children, the court rejected this idea that having an interest in child erotica also meant that you likely possess child pornography. And what we're saying, your honor, is that in this case, if you view differently or if you rule differently, then Edwards doesn't matter. Because what we know in this case is that the agent believed that, and the evidence shows, that Mr. Pena engaged in the collection of pornography, which if you looked at it on the scale of what's a greater indication of attraction to children, such that that person might collect child pornography, I would argue that child erotica is going to be much closer to child pornography. I want to turn to good faith. Good faith is really important because obviously I don't want to walk out of here and get a good probable cause decision and then find that their good faith applied. Edwards was decided, I believe, two years before the affidavit was issued in this case and the warrant. Under the well-established law of this circuit, an officer is presumed to know the law. And here, Special Agent Kuczynski should have known that in a case like this, an interest in pornography, which is not itself illegal, was not sufficient to establish probable cause to believe that Mr. Pena also believed that peer-to-peer P2P networks are often used to obtain child pornography. Yes, Your Honor. So what he said is, he said, people who collect in child pornography often use file-sharing software, but peer-to-peer files. Right. So people who collect child pornography use file-sharing software. Okay. So we're back in Edwards. We're dealing with this idea of a logical fallacy. What we have here is evidence that Mr. Pena, or an allegation that Mr. Pena used file-sharing software, but that doesn't put him into the category of a person who also collects child pornography. That is a logical fallacy. So I go back to my original argument, which is, possessing pornography and using file-sharing software to do so is not sufficient to establish that you collect child pornography, and that's exactly what Edwards stands for. So if he had said it's child pornography, it would have been okay. I would say that it would be a much closer case. I would still say no, because then we'd have a Frank situation, because then we would have been able to have an evidentiary hearing. So despite the names of the files, and despite the fact that he supported this peer-to-peer networks, and the fact that Mr. Pena, when he said no, but added he rips porn from torrent files, none of that means anything. It doesn't mean that he collects child pornography, Your Honor, and I'm going to reserve the remainder of my time to continue that and to discuss inevitable discovery. Okay. May it please the Court, good morning. Catherine Lewis on behalf of the United States. We're here really on two groups of issues. The first is whether, as the magistrate judge and the district court determined, the second search warrant into Bobby Pena's electronic devices was supported by probable cause. And second, if it wasn't supported by probable cause, whether an exception applies that would preclude suppression of evidence. This case began with officers executing a search warrant at Bobby Pena's office, looking for evidence of procurement fraud. And in that search, they seized a number of electronic devices, including 10 large capacity electronic storage devices. As they began making copies of those and looking for evidence of procurement fraud, the agent noticed that incriminating file names popped up. And in the scope of everything that was happening in the investigation under the totality of the circumstances, he stopped what he was doing. He applied for a second search warrant, seeking permission from the court and authority from the district court. So when we look at whether there was probable cause in that second search warrant, we're looking at whether the magistrate judge who was reviewing it had a substantial basis for making that probable cause finding. And this case really focuses on four sets of evidence that supports that probable cause finding. The first is the file names that the officer found, which included terms like young and doll and sex and teens. Well, counsel, can I just stop you there? Your opposing counsel suggests that those aren't suspicious necessarily of child pornography because a lot of pornography uses those terms. I mean, they just use those terms, but not necessarily for children. And we don't have ages. That's his argument. In the circumstance, though, we have more than just the names on their own. And I would submit that the names are at the very least suggestive of child pornography. They may not be the most suggestive file names that are out there. I know that counsel talked about there are files that say five-year-old and nine-year-old, and that would certainly be more suggestive. But the standard here is not whether these are the most suggestive names of child pornography, but whether these file names in the totality of the circumstances with the other evidence in this case raise a fair probability that child pornography could be found on these devices. So you have the defendant's statements at the time of the initial search and when they went in to get the devices, where one question, he said the devices contain family photos and pornography. Officers ask him, does it contain child pornography? And he says no, but he doesn't stop. He adds the caveat that he rips pornography from the internet using torrent services. The affidavit lays out how those services are often used to collect and to trade in child pornography. The affidavit also explains collector behavior that the affiant saw when conducting his usage, the collector behavior that was indicative of some people who possessed child pornography, the statements at the time of the first search, and the file names. When those all come together, they do provide that fair probability that child pornography would be found on the devices, and that's what the magistrate judge found when reviewing the affidavit. I also want to touch on this issue that the affidavit doesn't say child pornography. It says that they found pornography files. And at that point, the officer had not had a chance to review the files. When he saw the suspicious file names, he stopped what he was doing and applied for a search warrant. He didn't go further and open them up to see whether maybe there was child pornography inside. So he couldn't say with any certainty, having not reviewed the files, he couldn't represent to the court under oath that it was child pornography. And so the affidavit just says pornography because at that point in the investigation, that's what the officer knew to be true. Could he get a warrant if all he said was I think there's pornography here? What's wrong with pornography? Well, pornography is not illegal. And if he thought it was just pornography that he had found. That's the point he's making, I think, that, oh, he said pornography. He didn't say what kind. So it's legal. That is, it does say pornography and pornography is legal. But then he goes on to list the file names of what made him stop and think that this might be child pornography and that it needed to be presented to an impartial magistrate for review before he continued searching so that he could perhaps change the course of his search to include a search for child pornography. And I think that that, while we would submit that there is probable cause to support the second search warrant affidavit, I think that that point really is a good transition to this question of whether the good faith exception should apply. And here, when we're, we're looking at U.S. versus Leon and there's four situations where the officer reliance may be unreasonable. And really what we're talking about here is the third one, where an affidavit in support of a search warrant is so lacking in indicia of probable cause as to render reliance on it entirely unreasonable. And that just simply is not the situation here. That's a high threshold to meet. And you have to essentially show that the affidavit was devoid of factual support and that therefore the officers relying on it, when they relied on it, it was wholly unwarranted. And so we've already discussed there's these four factual areas that are included in that affidavit that provide substantial factual support for making a decision, rise to the level of making a substantial factual basis for probable cause finding. They certainly provide some evidence in support of that affidavit such that you can't say that this affidavit is devoid of any factual support such that the officers relying on it should have known better. And in this case, we have two judges, the magistrate judge and the district court who have reviewed the affidavit and their review of the affidavit, each judge found that the affidavit supported probable cause. And so to somehow hold the agent to a higher standard than even the two judges who have already reviewed this affidavit would be far outside what is expected under the good faith analysis. This officer came across files that struck him as potentially containing child pornography. He stopped what he was doing. He went to the court. He presented what he believed supported this finding that there's probable cause to believe that there was child pornography on the devices. And he asked an impartial magistrate to weigh in. And that's the kind of behavior that we want to encourage. So to say that the good faith exception doesn't apply in this case would really undermine the point of why the exception exists in the first place. And then briefly, even if there wasn't probable cause in the second search warrant affidavit, and even if the good faith exception didn't apply, the doctrine of inevitable discovery also should apply and preclude suppression of the evidence in this case. The district court made a number of findings but essentially said that it was so early on in the search of the defendant's devices. The district court said that it was so early on in the search of the defendant's electronic devices that these file names popped up. And those file names were found at a very high level in the directories that were coming up. So it wasn't six or seven file folders down that you had to click through a number of different files in order to find the child pornography. It was really in the first or second set of files that somebody would click through when searching. But that high level at which they were found made it highly likely that as the investigation progressed, additional evidence to support probable cause would have been found. The officer or the agent who testified during the suppression hearing did find that, did note that as he went on, they found additional files with names like banned. They looked in the defendant's search history, which was included under the first search warrant as something they could look at, and found searches for a term Lola, which is commonly tied to child pornography. And so the district court did make findings that had the search under the original search warrant for procurement fraud continued, it was highly likely that the officer would have found additional evidence that would have supported a second search warrant for child pornography in the future. And if the court has no questions, I will yield my time. Thank you. This, this court should be interested in making sure that special agents follow the law. And Edwards is the law of this circuit. If an individual who is interested in and known to frequent a website that peddles in child erotica is not sufficient to establish that that person collects child pornography, then neither is collecting pornography using file sharing software. And that's exactly the conclusion of the agent. No matter what totality of circumstances the government wants to raise, the conclusion of the agent is that Mr. Pena used file sharing software to collect pornography. And it's logically infirm to believe that that assumes that he also used file sharing software to collect child pornography. And that's a terrible discovery. This court's precedent says that there cannot be a high degree of speculation. There's a case called Loera that this court decided, I believe in 2019, where the special agent in that case was able to specifically identify the particular files that would have contained the child pornography. In our case, we have millions of files. It would have taken the agent a lifetime to go through all of this stuff to find any child pornography. There was an evidentiary hearing where the agent had an opportunity to be prepared and tell the district court what files he actually went to and would have discovered this stuff, and he could not do it. He couldn't give that level of detail, unlike Loera. The judge took the special agent's face value, but that's not what this court's precedent says. The government has the burden of proving, not with speculation but with actual evidence, that it would have been discovered. And that didn't happen here. There were millions of files. There was so much evidence that the agent originally used key word searches in order to look for the information. The information would not have been inevitably discovered. What would be the effect, if I might ask? Absolutely. What would be the effect on his sentence of either setting one of them aside? He still had, as you said, thousands of files showing these embezzling money. So the government concedes that if this court reverses on the child pornography, there still is the conviction on the child. He would be resentenced in that case. And I suspect, I'm just speculating here, Your Honor, but I suspect that the government would introduce the stuff that was found as, you know, part of the relevant conduct on the fraud case. But that doesn't mean that we shouldn't reverse. No, I understand that, but what would be the effect on the sentence, if any? Well, I believe that if I remember correctly, he was sentenced concurrently. 41 months. 41 months. So I don't think that he could get more than 41 months again. But I think that the net effect, obviously, that we're searching for, Your Honor, is for this motion to suppress to have been granted. Thank you. Thank you.